UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Yelina Gora | ) | CASE NO: 1:21CV1289 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Cuyahoga County Children and Family Services, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Yelina Gora brings this action against "Cuyahoga County [Division of] Children and Family Services" ("CCDCFS"), Gelisa Smith, Danielle Galletti, and the "U.S. Attorney," pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Plaintiff seeks monetary relief. For the following reasons, the action is dismissed.

### I. Background

On July 2, 2021, Plaintiff filed a complaint against the CCDCFS and social workers with the CCDCFS--Gelisa Smith and Christie Boon. On August 6, 2021, Plaintiff filed an amended complaint, removing Boon as a defendant and adding Danielle Galletti and "U.S. Attorney." (Doc. No. 3).

In her complaint, Plaintiff appears to allege that Smith provided false testimony in a case against her in juvenile court between June 2019 and September 2020, stating that Plaintiff was being charged with child endangerment, which caused Plaintiff to lose

custody of her children. (*Id.* at 5). Plaintiff states that she followed the juvenile court's orders to attend parenting classes and seek drug abuse and mental health services, but the CCDCFS could not verify Plaintiff had completed the services, and according to Plaintiff, she was therefore prevented from regaining custody of her children. (*Id.*).

Plaintiff appears to further allege that she advised Galletti, a "program officer for customer relations for the CCDCFS," that her constitutional rights were violated, but they "did not come to an agreement." (*Id.*). There is no claim specifically alleged against the U.S. Attorney.

## II. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2). Accordingly, because Plaintiff is proceeding *in forma pauperis*, her complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must

be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972). But courts are not required to accept as true factual allegations that are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

When reviewing a complaint, the Court must construe the pleadings in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Analysis

#### A. Abstention under *Younger v. Harris*

Plaintiff's claims concern an action in juvenile court in which Plaintiff purportedly lost legal custody of her children. To the extent the custody matter is still pending in the state court, and Plaintiff asks this Court to intervene, the Court may not do so. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances which are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, if Plaintiff's child custody case is still pending, all three factors supporting abstention are present. The State of Ohio has an important interest in enforcing its laws regarding domestic and child custody matters. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 U.S. Dist. LEXIS 19057, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979)). And concerning the final factor of the *Younger* abstention, in the absence of "unambiguous authority to the

4

contrary," the Court may assume that state court procedures will afford Plaintiff an adequate opportunity to present her federal claims in the pending state court proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

The Court must therefore abstain from interfering with Plaintiff's pending child custody proceedings.

### B. *Rooker-Feldman* Doctrine

To the extent, however, that Plaintiff's complaint constitutes an appeal of any state court proceeding, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), amended on other grounds 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; Rooker, 263 U.S. at 415-16.

This Court therefore lacks jurisdiction to consider Plaintiff's complaint to the extent that Plaintiff is seeking to be relieved of the consequences of the state proceedings.

**C. Res Judicata**

Further, to the extent Plaintiff is seeking to litigate the question of legal custody again in a different court in the hope of achieving a different result, she is barred from doing so. Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

Plaintiff alleges that she received a judgment on the issue of custody from an Ohio court in 2020. She has now filed the within federal civil rights case claiming that the social worker fabricated testimony that Plaintiff was being charged with child endangerment. According to Plaintiff, this testimony caused her to lose legal custody of her children. Plaintiff also claims that she attempted to follow the juvenile court's orders to obtain mental health and drug abuse services and attend parenting classes, but because the CCDCFS could not verify that she completed the services, she could not "regain custody."

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392, 2008 Ohio 6254, 899 N.E.2d 975 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of

a transaction that was the subject matter of a previous action.*" Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 1995 Ohio 331, 653 N.E.2d 226 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.*

Here, Plaintiff challenges the child custody proceedings conducted in state court and alleges that the proceedings violated her constitutional rights when the social worker provided allegedly false testimony regarding Plaintiff and the CCDCFS could not verify that she completed the required services. Plaintiff, however, had the opportunity to assert these claims in the course of the juvenile court proceedings and on appeal of the juvenile court's decision. The doctrine of claim preclusion bars her from litigating these claims again in this Court. Moreover, the issue of legal custody has already been considered and decided by the juvenile court. Even if the causes of action in this action are new, the facts necessary to support those claims were determined by the state courts. This Court must give full faith and credit to those judgments. Plaintiff is therefore barred from relitigating those matters in this Court.

Plaintiff's complaint therefore fails to state a claim upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant § 1915(e)(2)(B). The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

October 27, 2021                                             */s/ John R. Adams*
                                                             JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT COURT